UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DIAZ PABON OSVALDO,  :
  :
    Plaintiff  :
  :
  v.  : CIVIL NO. 3:CV-05-0155
  :
U.S.P. LEWISBURG WARDEN, ET AL.,  : (Judge Kosik)
  :
    Defendants  :

## M E M O R A N D U M

**Background**

Diaz Pabon Osvaldo filed this Bivens[1] action pursuant to 28 U.S.C. § 1331 on January 24, 2005. He is currently confined at the United States Penitentiary at Lewisburg (USP-Lewisburg), Pennsylvania. Named as defendants are the Warden at USP-Lewisburg, the Northeast Regional Director of the Bureau of Prisons and the Bureau of Prisons. The gist of Osvaldo's complaint is that he was transferred in April of 2004 from the Special Housing Unit (SHU) to the Special Management Unit (SMU) without a hearing and based upon an incident which occurred at a prior institution for which he already completed his sanction. He contends that if he refuses to participate in the SMU program, he will receive an incident report and/or additional disciplinary time. He claims that he participates in the SMU program to evade threats and retaliation, and also claims that his confinement there is "atypical hardship" in violation of his constitutional rights.

---

[1] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

On February 23, 2005, an Order was issued directing service of the complaint. This Memorandum will address the following pending motions which have been filed by plaintiff in this matter: motion for counsel (Doc. 6); motion to amend/appoint (Doc. 12); motion to appoint expert (Doc. 21); motion to produce documents (Doc. 23); motion to add interrogatory to complaint (Doc. 27) and motion to expedite motion for counsel (Doc. 31).[2]

**Discussion**

    **A.  Motion for Counsel**

Plaintiff seeks the appointment of counsel in this matter on the basis that a lawyer is better equipped to investigate the law and prepare his case as well as represent him in any future hearing. He also contends that he has only a limited time to use the prison law library and does not have a full and efficient understanding of the English language.

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, the court does have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994).

In Tabron, a case filed by a prisoner pursuant to 42 U.S.C. § 1983 asserting a failure on the part of prison officials to protect him from assault by another prisoner, the Court of Appeals for the Third Circuit, in part, vacated the denial of the plaintiff's request for the appointment of counsel and remanded for reconsideration of that request in accordance with the terms of its decision. In

---

[2] Defendants' motion to dismiss the complaint (Doc. 28) as well as two additional motions filed by plaintiff (Docs. 25, 39) will be addressed in a subsequent Memorandum to be issued by the court.

reaching its decision the Tabron court announced the factors to be considered by a district court in deciding whether to exercise its discretion and appoint counsel for an indigent litigant in a civil case.

Initially, the Tabron court noted that "... the district court must consider as a threshold matter the merits of the plaintiff's claim." Tabron, 6 F.3d at 155.  Next, if a claim has arguable merit, "[t]he plaintiff's ability to present his or her claim is, of course, a significant factor that must be considered in determining whether to appoint counsel." Id. at 156. "If it appears that an indigent plaintiff with a claim of arguable merit is incapable of presenting his or her case, serious consideration should be given to the appointing of counsel... and if such a plaintiff's claim is truly substantial, counsel should ordinarily be appointed." Id. at 156.

Further, under Tabron, the district court's decision whether to appoint counsel should be "informed" by a consideration of the following additional factors: the "difficulty of the particular legal issues;" "the degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue such investigation;" whether a case is likely to turn on credibility determinations; whether expert testimony is required; and whether the litigant is capable of retaining counsel on his or her own behalf.  Id. at 156, 157 n.5.  Moreover, the Tabron court held that the "... appointment of counsel under § 1915(d) may be made at any point in the litigation and may be made by the district court sua sponte."  Id. at 156.

Finally, the Tabron court acknowledged that "court's have no authority to compel counsel to represent an indigent civil litigant," id. at 157 n.7, and cautioned against the

3

indiscriminate appointment of counsel in view of the limited supply of competent attorneys willing to accept such appointments. Id. at 157:

> We also emphasize that volunteer lawyer time is extremely valuable. Hence district courts should not request counsel under § 1915(d) indiscriminately. As the Court of Appeals for the Second Circuit has warned:  'Volunteer lawyer time is a precious commodity... . Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause.  We cannot afford that waste. Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989).'

Applying the relevant Tabron factors to Osvaldo's motion, the court is of the view that the appointment of counsel is not warranted at this time.  While it appears his claims may have arguable merit, in the pleadings to date, he has demonstrated that he has some understanding of the law and is capable of adequately representing himself and presenting comprehensible arguments in support of his position. He has submitted a complaint and supporting Memorandum and exhibits in this matter along with numerous motions and supporting briefs. It is clear from his pleadings that he has a command of the English language, the ability to understand the court's rules in filing motions and litigating this action, and the ability to present coherent arguments in support of his position.  In addition, plaintiff has also filed opposing briefs with regard to motions submitted by the defendants in this action.  Further, the legal issues are relatively uncomplicated, and the court can not say, at least at this point, that he will suffer substantial prejudice if he is forced to prosecute this case on his own.

The court further notes that Osvaldo's apparent ability to present his case is aided by the

4

court's liberal construction of pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), which in combination militate against the appointment of counsel. While it is true that Osvaldo may be an individual confined in prison, there is no indication that he is unable to adequately litigate his case. While he contends that he has limited time in the law library at USP-Lewisburg, he does not contend that he has no access to legal materials or is prohibited from spending at least some time in the library researching his claims. Therefore, the motion for the appointment of counsel will be denied. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either sua sponte or upon a motion properly filed by Osvaldo.[3]

### B. Miscellaneous Motions

Also pending is plaintiff's "Motion For Your Information" which the Clerk of Court has docketed as a motion to amend/to appoint (Doc. 12). In this document, plaintiff basically reiterates his argument in support of the appointment of counsel and also appears to request the court to "keep the door open" in case he needs to amend his complaint. (Id. at 2-3.) Any request for the appointment of counsel is denied on the basis set forth above. Further, any decision plaintiff may make in the future to amend his complaint must be made by the filing of a proper motion and the submission of a supporting brief with the court should he decide to pursue this avenue.

Also pending is plaintiff's motion to appoint an expert in this case (Doc. 21). This motion will be denied for the following reasons. Plaintiff requests that a "correctional investigator expert"

---

[3] Because the court has now ruled upon Osvaldo's motion for appointment of counsel, his subsequently filed motion to expedite a ruling on said motion (Doc. 31) will be denied as moot.

be appointed to study all of the facts of his case and to explain to the court the issues contained in his complaint. First, the court is not familiar with the type of expert referred to by plaintiff. More importantly is the fact that the appointment of any type of expert is this action is not warranted at this time. Defendants have filed a motion to dismiss the complaint. Further, plaintiff will be free to conduct any necessary discovery in this action. As such, plaintiff's motion will be denied.

Plaintiff further files a motion seeking the production of documents by defendants. (Doc. 23.) In the motion, he lists the discovery materials he desires. This motion will be denied without prejudice in accordance with Middle District of Pennsylvania Local Rule 5.4(b). According to M.D. Pa. Local Rule 5.4(b), discovery requests shall be served upon other counsel and parties but shall not be filed with the court unless by order of court or for use in the proceedings. As such, plaintiff's filing of a discovery request motion will be denied.

The final motion which will be addressed by the court herein is plaintiff's "Motion to Add More Interrogation (sic) Question" into his civil rights complaint. (Doc. 27.) This document appears to be a further discovery request plaintiff seeks to propound upon defendants. As such, and for the reasons set forth above, the motion will be denied to the extent that discovery requests are not to be filed with the court.

An appropriate Order follows.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

DIAZ PABON OSVALDO,                    :
                                       :
        Plaintiff                      :
                                       :
    v.                                 :   CIVIL NO. 3:CV-05-155
                                       :
U.S.P. LEWISBURG WARDEN, ET AL.,       :   (Judge Kosik)
                                       :
        Defendants                     :

# O R D E R

     **NOW, THIS 2nd DAY OF AUGUST, 2005,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

     1. Plaintiff's motion for counsel (Doc. 6) is **denied without prejudice**.  His motion to expedite a ruling on his motion for counsel (Doc. 31) is **denied as moot**.

     2. Plaintiff's motions for discovery (Docs. 23, 27) are **denied without prejudice**.

     3. Plaintiff's motion to amend/appoint (Doc. 12) is **denied**.

     4. Plaintiff's motion to appoint expert (Doc. 21) is **denied**.


                                           s/Edwin M. Kosik
                                        United States District Judge